1   Cliff Cantor
    LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
2   627 208th Ave. SE
    Sammamish, WA 98074
3   (425) 868-7813

4

5

6                   UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF WASHINGTON
7
                            AT RICHLAND

8   PATRICK DUFFY, individually and on       No. C15-5046
    behalf of all others similarly situated,
9                                            **COMPLAINT FOR VIOLATION**
                    Plaintiff,               **OF FEDERAL SECURITIES**
10                                           **LAWS**
            v.
11                                           CLASS ACTION
    ISORAY, INC., DWIGHT BABCOCK,
12  and BRIEN RAGLE,                         DEMAND FOR JURY TRIAL

13                  Defendants.

14

15          Plaintiff Patrick Duffy ("Plaintiff"), individually and on behalf of all other

16  persons similarly situated, by his undersigned attorneys, for his complaint against

17  defendants, alleges the following based upon personal knowledge as to himself and

18  his own acts, and information and belief as to all other matters, based upon, *inter*

19  *alia*, the investigation conducted by and through his attorneys, which included,

20  among other things, a review of the defendants' public documents, conference calls

21

COMPLAINT
No. C15-5046                    - 1 -

1   and announcements made by defendants, United States Securities and Exchange

2   Commission ("SEC") filings, wire and press releases published by and regarding

3   IsoRay, Inc., ("IsoRay" or the "Company"), analysts' reports and advisories about

4   the Company, and information readily obtainable on the Internet. Plaintiff believes

5   that substantial evidentiary support will exist for the allegations set forth herein

6   after a reasonable opportunity for discovery.

7   **NATURE OF THE ACTION**

8   1.      This is a federal securities class action on behalf of a class consisting

9   of all persons other than defendants who purchased or otherwise acquired IsoRay

10  securities between May 20, 2015 and May 21, 2015,, both dates inclusive (the

11  "Class Period"), seeking to recover damages caused by defendants' violations of

12  the federal securities laws and to pursue remedies under Sections 10(b) and 20(a)

13  of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5

14  promulgated thereunder, against the Company and certain of its top officials.

15  2.      IsoRay, Inc. develops, manufactures, and sells isotope-based medical

16  products and devices for the treatment of cancer and other malignant diseases in

17  the United States. The Company produces Proxcelan Cesium-131 brachytherapy

18  seeds for the treatment of prostate, lung, head and neck, colorectal, brain,

19  pelvic/abdominal, and gynecological cancers, as well as ocular melanoma. It also

20  offers GliaSite radiation therapy system, a balloon catheter device, which is used to

21

COMPLAINT
No. C15-5046

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  treat brain cancer, including primary and recurrent gliomas and metastic brain

2  tumors.

3      3.    The Company is headquartered in Richland, Washington and its

4  shares trades on the NYSE under the ticker symbol "ISR".

5      4.    During the Class Period, Defendants issued materially false and

6  misleading statements and omitted to state material facts that rendered their

7  affirmative statements misleading as they related to the Company's financial

8  performance, business prospects, and true financial condition.

9  **JURISDICTION AND VENUE**

10     5.    The claims asserted herein arise under and pursuant to §§10(b) and

11  20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5

12  promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

13     6.    This Court has jurisdiction over the subject matter of this action

14  pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15

15  U.S.C. § 78aa.

16     7.    Venue is proper in this District pursuant to §27 of the Exchange Act

17  and 28 U.S.C. §1391(b), as defendant is headquartered in this District and a

18  significant portion of the defendants' actions, and the subsequent damages, took

19  place within this District.

20

21

COMPLAINT
No. C15-5046

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1    8.    In connection with the acts, conduct and other wrongs alleged in this

2    Complaint, defendants, directly or indirectly, used the means and instrumentalities

3    of interstate commerce, including but not limited to, the United States mail,

4    interstate telephone communications and the facilities of the national securities

5    exchange.

6                              **PARTIES**

7    9.    Plaintiff, as set forth in the attached Certification, acquired IsoRay

8    securities at artificially inflated prices during the Class Period and was damaged

9    upon the revelation of the alleged corrective disclosures.

10    10.    Defendant IsoRay is a Minnesota corporation with its principal

11    executive offices located at 350 Hills Street, Suite 106, Richland, WA 99354.

12    IsoRay's common stock trades on the NYSE under the ticker symbol "ISR."

13    11.    Defendant Dwight Babcock ("Babcock") has served at all relevant

14    times as the Company's Chief Executive Officer ("CEO") and Chairman.

15    12.    Defendant Brien Ragle ("Ragle") has served at all relevant times as

16    the Company's Chief Financial Officer ("CFO").

17    13.    The defendants referenced above in ¶¶ 11 and 12 are sometimes

18    referred to herein as the "Individual Defendants."

19

20

21

COMPLAINT
No. C15-5046

- 4 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

1

## SUBSTANTIVE ALLEGATIONS

2

### Materially False and Misleading Statements Issued During the Period

3

4

14.    The Class Period begins on May 20, 2015 when IsoRay issued a press

5

release touting the on-line publication of the first major peer reviewed study

6

showing improved results using IsoRay's Cesium-131 seeds in the treatment of

7

lung cancer (the "May 20th Press Release"). The press release states in relevant

8

part:

9

*IsoRay's Cesium-131 Lung Cancer Treatment Reports 96% Success in Local Control and 100% Survival at 5 Years in High Risk Patients in Newly Published Report*

10

11

*Cesium-131's Outstanding Lung Cancer Results Take On Other Treatment Forms Including Stereotactic Radiation*

12

Richland, WA (May 20, 2015) – IsoRay, Inc. (NYSE MKT: ISR), a medical technology company and innovator in seed brachytherapy and medical radioisotope applications, today announced the on-line publication of the first major peer reviewed study showing improved results using IsoRay's Cesium-131 seeds in the treatment of lung cancer.

13

14

15

*IsoRay CEO Dwight Babcock commented, "We are extremely excited to have our Cesium-131 isotope seeds and mesh used in the treatment of non-small cell lung cancers with such outstanding patient outcomes.* Notable physicians, including the authors of this study, are seeking better solutions and outcomes for their patients. We are continuing to develop our product offerings internally with support from these industry leaders. With every success that has been reported, the medical community is rapidly becoming aware of the innovative alternative our Cesium-131 products offer to cancer patients."

16

17

18

19

20

21

COMPLAINT
No. C15-5046

- 5 -

Dr. Bhupesh Parashar MD, of Weill Cornel Medical College, is lead author of the publication titled: 'Analysis of Stereotactic Radiation vs. Wedge Resection vs Wedge Resection Plus Cesium-131 Brachytherapy in Early-stage Lung Cancer'. The study noted that the survival rate at 5 years was exceptional for the Cesium-131 group, which included many high risk patients, and Cesium-131 added no noticeable side effects. Treatment with Cesium-131 was performed at the time of the surgery as a single treatment, in contrast to another treatment option, external radiation, which requires numerous hospital visits. To review the report as published online as of May 19, 2015, please follow the link provided here:
http://www.sciencedirect.com/science/article/pii/S1538472115004559

Babcock said, "Published studies are the final step to commercialization as leaders in the medical arena recognize the important need for a new powerful weapon in the battle against cancer. This latest publication, in conjunction with other recent published reports on metastatic brain cancer and gynecological cancers, are proving Cesium-131's time is now. Not only does Cesium-131 work but it is a single application providing improved quality of life for the patient."

IsoRay's various products, including Cesium-131 seeds, sutured seeds, stranded mesh and the GliaSite® radiation therapy system, give physicians the ability to directly place a specified dosage of radiation in areas where cancer is most likely to remain after completion of a tumor removal or by placing seeds within the prostate. The ability to precisely place a specified dose of radiation means there is less likelihood for damage to occur to healthy surrounding tissue compared to other alternative treatments. IsoRay's cancer fighting products diminish the ability of the tumor to recur, resulting in important benefits for patients in longevity as well as quality of life.

IsoRay is the exclusive manufacturer of Cesium-131. The pioneering brachytherapy therapy is one of the most significant advances in internal radiation therapy in 20 years. Cesium-131 allows for the precise treatment of many different cancers because of its unrivaled blend of high energy and its 9.7 day half-life (its unequaled speed in giving off therapeutic radiation).

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

In addition to its CMS codes, Cesium-131 is FDA-cleared and holds a CE mark for international sales in seed form for the treatment of brain cancer, prostate cancer, lung cancer, ocular melanoma cancer, colorectal cancer, gynecologic cancer, head and neck cancer and other cancers throughout the body. The treatment can be deployed using several delivery methods including single seed applicators, implantable strands and seed sutured mesh. IsoRay also sells several new implantable devices, including the GliaSite® radiation therapy system.

(Emphasis added).

15.    The statements referenced in ¶ 14 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts, which were known to defendants or recklessly disregarded by them, including that: (1) IsoRay's promotional press releases took liberties with clinical data by using clever, selective editing to prop up its stock price and (2) as a result of the foregoing, IsoRay's public statements were materially false and misleading at all relevant times.

**The Truth Emerges**

16.    On May 21, 2015, *TheStreet.com* published an article on IsoRay asserting that the Company selectively edited findings from a published study in the May 20th Press Release to make its Cesium-131 product seem better than it really is. The articles states in relevant part:

**IsoRay Takes Liberties With Lung Cancer Study Results to Prop Up Stock Price**

RICHLAND, Wash. (TheStreet) – IsoRay (ISR - Get Report) does a poor job selling radioactive "seeds" for use in cancer radiation

COMPLAINT
No. C15-5046

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

therapy. To make up for the inability to deliver revenue growth – and prop up its stock price – *IsoRay issues a lot of promotional press releases, some of which take liberties with clinical data using clever, selective editing.*

*Take Wednesday's IsoRay announcement about the publication of a study involving use of the company's seed brachytherapy product Cesium-131 to treat patients with early-stage lung cancer after surgery. The press release headline reads, "IsoRay's Cesium-131 Lung Cancer Treatment Reports 96% Success in Local Control and 100% Survival at 5 Years in High Risk Patients in Newly Published Report."*

*100% survival! That's an attention grabber. The IsoRay press release about the study goes on to describe the Cesium-131 results as "outstanding." Twice.*

IsoRay shares almost doubled in price to $3.12 Wednesday. The stock is up another 3% Thursday.

Few investors are reading the actual study involving Cesium-131 published in the medical journal Brachytherapy. If they read the study – and I did – you'd see IsoRay is lazy with the facts.

*Yes, 96% of lung cancer patients demonstrated "local control" (meaning control of tumor in the lung) following surgery plus treatment with Cesium-131. But two other groups of lung cancer patients in the Brachytherapy study who had either surgery alone or a different form of radiation therapy demonstrated statistically equivalent rates of local control. The study authors note there were no differences in local control rates between the groups of lung cancer patients.*

*IsoRay also plays rope-a-dope with the five-year overall survival rate of 100% for Cesium-131 patients. The company fails to mention the comparable five-year survival rate for patients undergoing surgery alone is 98% – a clinically meaningless difference of two percentage points. Moreover, the survival analysis is severely limited because nearly every patient in the study is censored, meaning they're lost to follow up. The study does not conclude that treatment with Cesium-131 leads to longer survival.*

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

*In their conclusion, the study authors do not endorse IsoRay's Cesium-131 or call the results "outstanding." They conclude that early-stage lung cancer patients may benefit from surgery plus Cesium-131 or an alternative form of radiation therapy compared to surgery alone.*

Why would IsoRay provide selectively edited findings from a published which make its product seem better than it really is?

This chart of IsoRay's revenue growth for the past three years, dating back to when the company started selling Cesium-131, answers the question well.

(Emphasis added).

17.     On this adverse news, shares of IsoRay fell $1.10 per share or over 35% to close at $2.02 per share on May 21, 2015, damaging investors.

18.     As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired IsoRay securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1    families and their legal representatives, heirs, successors or assigns and any entity

2    in which defendants have or had a controlling interest.

3        20.    The members of the Class are so numerous that joinder of all

4    members is impracticable. Throughout the Class Period, IsoRay securities were

5    actively traded on the NYSE. While the exact number of Class members is

6    unknown to Plaintiff at this time and can be ascertained only through appropriate

7    discovery, Plaintiff believes that there are hundreds or thousands of members in the

8    proposed Class. Record owners and other members of the Class may be identified

9    from records maintained by IsoRay or its transfer agent and may be notified of the

10    pendency of this action by mail, using the form of notice similar to that

11    customarily used in securities class actions.

12        21.    Plaintiff's claims are typical of the claims of the members of the Class

13    as all members of the Class are similarly affected by defendants' wrongful conduct

14    in violation of federal law that is complained of herein.

15        22.    Plaintiff will fairly and adequately protect the interests of the

16    members of the Class and has retained counsel competent and experienced in class

17    and securities litigation. Plaintiff has no interests antagonistic to or in conflict with

18    those of the Class.

19

20

21

COMPLAINT
No. C15-5046

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

23.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of IsoRay;

- whether the Individual Defendants caused IsoRay to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of IsoRay securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

24.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members

COMPLAINT
No. C15-5046

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1    may be relatively small, the expense and burden of individual litigation make it

2    impossible for members of the Class to individually redress the wrongs done to

3    them. There will be no difficulty in the management of this action as a class action.

4        25.    Plaintiff will rely, in part, upon the presumption of reliance

5    established by the fraud-on-the-market doctrine in that:

6        •    defendants made public misrepresentations or failed to disclose

7            material facts during the Class Period;

8        •    the omissions and misrepresentations were material;

9        •    IsoRay securities are traded in an efficient market;

10       •    the Company's shares were liquid and traded with moderate to

11           heavy volume during the Class Period;

12       •    the Company traded on the NYSE and was covered by multiple

13           analysts;

14       •    the misrepresentations and omissions alleged would tend to induce a

15           reasonable investor to misjudge the value of the Company's

16           securities; and

17       •    Plaintiff and members of the Class purchased, acquired and/or sold

18           IsoRay securities between the time the defendants failed to disclose

19           or misrepresented material facts and the time the true facts were

20           disclosed, without knowledge of the omitted or misrepresented facts.

21

COMPLAINT
No. C15-5046

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

26.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

27.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Against All Defendants for Violations of
### Section 10(b) and Rule 10b-5 Promulgated thereunder)

28.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

29.    This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

30.    During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they

COMPLAINT
No. C15-5046

- 13 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

1  were made, not misleading; and employed devices, schemes and artifices to

2  defraud in connection with the purchase and sale of securities. Such scheme was

3  intended to, and, throughout the Class Period, did: (i) deceive the investing public,

4  including Plaintiff and other Class members, as alleged herein; (ii) artificially

5  inflate and maintain the market price of IsoRay securities; and (iii) cause Plaintiff

6  and other members of the Class to purchase or otherwise acquire IsoRay securities

7  and options at artificially inflated prices. In furtherance of this unlawful scheme,

8  plan and course of conduct, defendants, and each of them, took the actions set forth

9  herein.

10  31.    Pursuant to the above plan, scheme, conspiracy and course of conduct,

11  each of the defendants participated directly or indirectly in the preparation and/or

12  issuance of the quarterly and annual reports, SEC filings, press releases and other

13  statements and documents described above, including statements made to

14  securities analysts and the media that were designed to influence the market for

15  IsoRay securities. Such reports, filings, releases and statements were materially

16  false and misleading in that they failed to disclose material adverse information

17  and misrepresented the truth about IsoRay's finances and business prospects.

18  32.    By virtue of their positions at IsoRay, defendants had actual

19  knowledge of the materially false and misleading statements and material

20  omissions alleged herein and intended thereby to deceive Plaintiff and the other

21

COMPLAINT
No. C15-5046

- 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  members of the Class, or, in the alternative, defendants acted with reckless

2  disregard for the truth in that they failed or refused to ascertain and disclose such

3  facts as would reveal the materially false and misleading nature of the statements

4  made, although such facts were readily available to defendants. Said acts and

5  omissions of defendants were committed willfully or with reckless disregard for

6  the truth. In addition, each defendant knew or recklessly disregarded that material

7  facts were being misrepresented or omitted as described above.

8      33.    Defendants were personally motivated to make false statements and

9  omit material information necessary to make the statements not misleading in order

10  to personally benefit from the sale of IsoRay securities from their personal

11  portfolios.

12      34.    Information showing that defendants acted knowingly or with reckless

13  disregard for the truth is peculiarly within defendants' knowledge and control. As

14  the senior managers and/or directors of IsoRay, the Individual Defendants had

15  knowledge of the details of IsoRay's internal affairs.

16      35.    The Individual Defendants are liable both directly and indirectly for

17  the wrongs complained of herein. Because of their positions of control and

18  authority, the Individual Defendants were able to and did, directly or indirectly,

19  control the content of the statements of IsoRay. As officers and/or directors of a

20  publicly-held company, the Individual Defendants had a duty to disseminate

21

COMPLAINT
No. C15-5046

- 15 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  timely, accurate, and truthful information with respect to IsoRay's businesses,

2  operations, future financial condition and future prospects. As a result of the

3  dissemination of the aforementioned false and misleading reports, releases and

4  public statements, the market price of IsoRay securities was artificially inflated

5  throughout the Class Period. In ignorance of the adverse facts concerning IsoRay's

6  business and financial condition which were concealed by defendants, Plaintiff and

7  the other members of the Class purchased or otherwise acquired IsoRay securities

8  at artificially inflated prices and relied upon the price of the securities, the integrity

9  of the market for the securities and/or upon statements disseminated by defendants,

10  and were damaged thereby.

11     36.     During the Class Period, IsoRay securities were traded on an active

12  and efficient market. Plaintiff and the other members of the Class, relying on the

13  materially false and misleading statements described herein, which the defendants

14  made, issued or caused to be disseminated, or relying upon the integrity of the

15  market, purchased or otherwise acquired shares of IsoRay securities at prices

16  artificially inflated by defendants' wrongful conduct. Had Plaintiff and the other

17  members of the Class known the truth, they would not have purchased or otherwise

18  acquired said securities, or would not have purchased or otherwise acquired them

19  at the inflated prices that were paid. At the time of the purchases and/or

20  acquisitions by Plaintiff and the Class, the true value of IsoRay securities was

21

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  substantially lower than the prices paid by Plaintiff and the other members of the

2  Class. The market price of IsoRay securities declined sharply upon public

3  disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

4      37.    By reason of the conduct alleged herein, defendants knowingly or

5  recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act

6  and Rule 10b-5 promulgated thereunder.

7      38.    As a direct and proximate result of defendants' wrongful conduct,

8  Plaintiff and the other members of the Class suffered damages in connection with

9  their respective purchases, acquisitions and sales of the Company's securities

10  during the Class Period, upon the disclosure that the Company had been

11  disseminating misrepresented financial statements to the investing public.

12                          **COUNT II**

13        **(Against The Individual Defendants for Violations of
           Section 20(a) of the Exchange Act)**

14

15      39.    Plaintiff repeats and realleges each and every allegation contained in

16  the foregoing paragraphs as if fully set forth herein.

17      40.    During the Class Period, the Individual Defendants participated in the

18  operation and management of IsoRay, and conducted and participated, directly and

19  indirectly, in the conduct of IsoRay's business affairs. Because of their senior

20  positions, they knew the adverse non-public information about IsoRay's

21  misstatement of income and expenses and false financial statements.

COMPLAINT
No. C15-5046

- 17 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

41.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to IsoRay's financial condition and results of operations, and to correct promptly any public statements issued by IsoRay which had become materially false or misleading.

42.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which IsoRay disseminated in the marketplace during the Class Period concerning IsoRay's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause IsoRay to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of IsoRay within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of IsoRay securities.

43.     Each of the Individual Defendants, therefore, acted as a controlling person of IsoRay. By reason of their senior management positions and/or being directors of IsoRay, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, IsoRay to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised

COMPLAINT
No. C15-5046

- 18 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  control over the general operations of IsoRay and possessed the power to control

2  the specific activities which comprise the primary violations about which Plaintiff

3  and the other members of the Class complain.

4    44.    By reason of the above conduct, the Individual Defendants are liable

5  pursuant to Section 20(a) of the Exchange Act for the violations committed by

6  IsoRay.

7  **PRAYER FOR RELIEF**

8    Plaintiff demands judgment against defendants as follows:

9    A.    Determining that the instant action may be maintained as a class

10  action under Rule 23 of the Federal Rules of Civil Procedure, and certifying

11  Plaintiff as the Class representative;

12    B.    Requiring defendants to pay damages sustained by Plaintiff and the

13  Class by reason of the acts and transactions alleged herein;

14    C.    Awarding Plaintiff and the other members of the Class prejudgment

15  and post-judgment interest, as well as their reasonable attorneys' fees, expert fees

16  and other costs; and

17    D.    Awarding such other and further relief as this Court may deem just

18  and proper.

19  **DEMAND FOR JURY TRIAL**

20    Plaintiff hereby demands a trial by jury.

21

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1    Dated: May 28, 2015            Respectfully submitted,

2                       *s/ Cliff Cantor*
                         By: Cliff Cantor, WSBA # 17893

3                        LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
                       627 208th Ave. SE

4                        Sammamish, WA 98074
                       Tel:     (425) 868-7813

5                        Fax:     (425) 732-3752
                       Email:  cliff.cantor@outlook.com

6

7                        POMERANTZ, LLP
                       Jeremy A. Lieberman

8                        C. Dov Berger
                       600 Third Ave., 20th Floor

9                        New York, NY 10016
                       Tel:     (212) 661-1100

10                      Fax:     (212) 661-8665

11                      Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

COMPLAINT
No. C15-5046

- 20 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.   I, _____Patrick Duffy_____, make this declaration pursuant to Section

27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange

Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.   I have reviewed a Complaint against IsoRay, Inc. ("IsoRay" or the "Company"), and authorize the

filing of a comparable complaint on my behalf.

3.   I did not purchase or acquire IsoRay securities at the direction of plaintiffs counsel or in order to

participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who purchased or

acquired IsoRay securities during the class period, including providing testimony at deposition and trial, if

necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.   To the best of my current knowledge, the attached sheet lists all of my transactions in IsoRay

securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not

sought to serve as a representative party on behalf of a class under the federal securities laws.

7.   I agree not to accept any payment for serving as a representative party on behalf of the class as set

forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses

directly relating to the representation of the class as ordered or approved by the Court.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed _____5 / 23 / 2015_____
           **(Date)**


_____
           **(Signature)**

_____Patrick Duffy_____
      **(Type or Print Name)**

**ISORAY, INC (ISR)**                                                    **Duffy, Patrick**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHS/UTS | PRICE PER SH/UT |
|------|------------------|-------------------|-----------------|
| 5/20/2015 | PUR | 295 | $3.1251 |