UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT RICHLAND

|  |  |
|---|---|
| In re IsoRay, Inc. Securities Litigation | Master File No. 4:15-cv-5046-LRS<br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE PROCEDURES<br><br>CLASS ACTION |

WHEREAS (i) Lead Plaintiffs Bodgan Ostrowski, Joseph Kavanaugh, and Patrick McNamara and named plaintiffs Timothy Yuen and JM Zulueta ("Plaintiffs"), on behalf of themselves and the putative Settlement Class, and (ii) Defendants IsoRay, Inc. ("IsoRay"), and Dwight Babcock (collectively, "Defendants") have jointly entered, by and through their respective counsel, into a Settlement of the claims asserted in the Litigation, the terms of which are set forth in a Stipulation of Settlement, dated September 23, 2016 (the "Stipulation").

WHEREAS, the Stipulation, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the   Amended Complaint for Violations of the Federal Securities Laws (the

ORDER PRELIM. APPROVING
SETTLEMENT
No. 4:15-cv-5046-LRS

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

"Complaint") filed in the Litigation; and the Court having read and considered the Stipulation, the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Settlement Class Members ("Plan of Allocation"), the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 20th day of October, 2016, that:

1.    Capitalized terms used herein have the meanings defined in the Stipulation. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, claims in the Litigation against Defendants are hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased the publicly traded common stock of IsoRay between May 20, 2015 and May 21, 2015, inclusive, ("Class Period") and were damaged thereby.    Excluded from the Settlement Class are (i) Persons who suffered no compensable losses, (ii) Opt-Outs (*i.e.*, those Persons who file a valid and timely request for exclusion in accordance with this Order); and (iii) Defendants and any entity in which the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, immediate family members, heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such.

ORDER PRELIM. APPROVING
SETTLEMENT
No. 4:15-cv-5046-LRS

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

2.     This Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Lead and named Plaintiffs are certified as the class representatives on behalf of the Settlement Class and the Co-Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court, is hereby appointed as Co-Lead Counsel for the Settlement Class.

4.     A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on March 7, 2017 at 10:30 a.m. for the following purposes:

(a)     to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b)     to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

ORDER PRELIM. APPROVING
SETTLEMENT
No. 4:15-cv-5046-LRS

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

(c)     to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Persons of the Released Claims as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

(d)     to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses and an award to Plaintiffs;

(f)     to consider any Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

(g)     to rule upon such other matters as the Court may deem appropriate.

5.     The Court reserves the right to adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or award to the Plaintiffs.

ORDER PRELIM. APPROVING
SETTLEMENT                              - 4 -
No. 4:15-cv-5046-LRS

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

6.     The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

7.     The Court approves the form, substance and requirements of (a) the Notice; (b) the Summary Notice; and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

8.     Plaintiffs' Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9.     Strategic Claims Services is approved as the Claims Administrator for the Settlement.

10.     Plaintiffs' Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-eight (28) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort by the Claims Administrator.

11.     Plaintiffs' Counsel are authorized to disburse up to $100,000 (one hundred thousand dollars) for Administrative Costs (as defined in the Stipulation), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket

ORDER PRELIM. APPROVING SETTLEMENT
No. 4:15-cv-5046-LRS

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  administrative expenses. After the Effective Date, additional amounts may be
2  disbursed for Administrative Costs, if any.

3      12.    Defendants and any and all issuers, securities firms, or transfer agents
4  holding transfer records which indicate the legal owners of IsoRay common stock
5  currently or during the Class Period are hereby ordered to produce such transfer
6  records in a usable electronic format to Plaintiffs' Counsel or the Claims
7  Administrator within fourteen (14) calendar days of receipt of a copy of this Order.

8      13.    Plaintiffs' Counsel, through the Claims Administrator, shall also make
9  all reasonable efforts to give notice to nominee owners such as brokerage firms and
10 other persons or entities who purchased IsoRay common stock during the Class
11 Period.  Such nominee purchasers are directed to forward copies of the Notice and
12 Proof of Claim to their beneficial owners or to provide the Claims Administrator
13 with lists of the names and addresses of the beneficial owners and the Claims
14 Administrator is ordered to send the Notice and Proof of Claim promptly to such
15 beneficial owners.  Additional copies of the Notice shall be made available to any
16 record holder requesting same for the purpose of distribution to beneficial owners,
17 and such record holders shall be reimbursed from the Settlement Fund, upon receipt
18 by the Claims Administrator of such request and proper documentation, for the
19 reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

20      14.    Plaintiffs' Counsel shall, at or before the Final Settlement Hearing,
21 serve upon Defendants' Counsel, and file with the Court, proof of mailing of the
22 Notice and Proof of Claim, both to Settlement Class Members and to nominees.

23      15.    Plaintiffs' Counsel, through the Claims Administrator, shall cause the
24 Summary Notice to be published electronically once on *GlobeNewswire* and in print

ORDER PRELIM. APPROVING
SETTLEMENT
No. 4:15-cv-5046-LRS

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

once in the *Investor's Business Daily* within ten (10) calendar days after the entry of this Order. Plaintiffs' Counsel shall, at or before the Final Settlement Hearing, file with the Court proof of publication of the Summary Notice.

16. The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

17. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than seventy-five (75) calendar days from the date of this order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement

ORDER PRELIM. APPROVING
SETTLEMENT
No. 4:15-cv-5046-LRS

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions:  (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or

ORDER PRELIM. APPROVING SETTLEMENT
No. 4:15-cv-5046-LRS
- 8 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)    For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

18.    All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

19.    Settlement Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is postmarked no later than thirty (30) calendar days prior to the Final Settlement Hearing or February 4, 2017, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person.  Such Persons requesting exclusion are also required to specify all their purchases and sales of IsoRay common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold and include account documentation substantiating such purchases and sales.

ORDER PRELIM. APPROVING
SETTLEMENT
No. 4:15-cv-5046-LRS

- 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

1    The request for exclusion shall not be effective unless it provides the required

2    information, is legible, and is made within the time stated above, or the exclusion

3    is otherwise accepted by the Court.  Plaintiffs' Counsel may contact any person or

4    entity filing a request for exclusion, or their attorney if one is designated, to discuss

5    the exclusion.

6        20.    Settlement Class Members requesting exclusion from the Settlement

7    Class shall not be entitled to receive any payment out of the Net Settlement Fund.

8        21.    The Court will consider objections to the Settlement, the Plan of

9    Allocation, or the application for attorneys' fees and expenses and any payment to

10   Lead Plaintiff, only if such objections and any supporting papers are served to be

11   received at least twenty (20) calendar days prior to the Final Settlement Hearing,

12   upon each of the following:

13   PLAINTIFFS' COUNSEL:

14

15   Phillip Kim
     THE ROSEN LAW FIRM, P.A.
16   275 Madison Avenue 34th Floor
     New York, NY 10016
17

18   -or-

19   Matthew M. Guiney
     WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
20   270 Madison Avenue
     New York, NY 10016
21

22   -and-

23

24

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

DEFENDANTS' COUNSEL:

Gregory L. Watts
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Eastern District of Washington, P.O. Box 2706, Yakima, WA 98907.  Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally in support of or opposition to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses or award to Lead Plaintiffs are required to indicate in their written  objection or in a separate writing that is submitted in accordance with the deadline (and if to contest the Settlement, after instruction pertinent to the submission of a written objection), that they intend to appear at the Final Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing.  Settlement Class Members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval.

22.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and expenses and award to Plaintiffs.

ORDER PRELIM. APPROVING SETTLEMENT
No. 4:15-cv-5046-LRS

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1    23.    The Court reserves the right to adjourn the Final Settlement Hearing

2    or any adjournment thereof without any further notice other than entry of an Order

3    on the Court's docket, and to approve the Settlement without further notice to the

4    Settlement Class.

5        24.    All papers in support of the Settlement, the Plan of Allocation and any

6    application for attorneys' fees or expenses or award to Lead Plaintiffs shall be filed

7    and served thirty-five (35) calendar days before the Final Settlement Hearing.

8        25.    Any submissions filed in response to any objections or in further

9    support of the Settlement, the Plan of Allocation and any application for attorneys'

10    fees or expenses or a payment to Lead Plaintiffs shall be filed no later than fourteen

11    (14) calendar days prior to the Final Settlement Hearing.

12        26.    Pending final determination of whether the Settlement should be

13    approved, all Settlement Class Members, and each of them, and anyone acting or

14    purporting to act for any of them, shall be enjoined from prosecuting, attempting to

15    prosecute, or assisting others in the prosecution of, any Released Claims.    In

16    addition, the Litigation is stayed.

17        27.    In the event the Settlement is not consummated pursuant to its terms,

18    the Stipulation, except as otherwise provided therein, including any amendment(s)

19    thereto, and this Order, shall be null and void, of no further force or effect, and

20    without prejudice to any Settling Party, and may not be introduced as evidence or

21    referred to in any action or proceedings by any person or entity, and each party shall

22    be restored to his, her or its respective position as it existed before September 14,

23    2016, pursuant to the terms of the Stipulation.

24

ORDER PRELIM. APPROVING
SETTLEMENT
No. 4:15-cv-5046-LRS

- 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1    28.    The Court retains exclusive jurisdiction over the action to consider all

2  further matters arising out of, or relating to, the Settlement, including by way of

3  illustration and not limitation, any dispute concerning any Proof of Claim filed by

4  any Settlement Class Member and any future requests by one or more of the Parties

5  that the Order and Final Judgment, the release and/or the permanent injunction set

6  forth in the Stipulation be enforced.

7      **IT IS SO ORDERED.**

8

9  Dated:  October 20, 2016.

10

11                            *s/Lonny R. Suko*

12  _____
                              LONNY R. SUKO
                              SENIOR U. S. DISTRICT COURT JUDGE

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752