UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

Master File No. 4:15-cv-5046-LRS

In re IsoRay, Inc. Securities Litigation

## NOTICE OF PENDENCY AND
## PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased the common stock ("Stock") of IsoRay Inc. ("IsoRay" or the "Company") between May 20, 2015 and May 21, 2015, inclusive ("Class Period"), you could get a payment from a class action settlement (the "Settlement").

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

- If approved by the Court, the Settlement will provide $3,537,500 plus interest (the "Settlement Amount"), to pay claims of investors who purchased IsoRay Stock during the period between May 20, 2015 and May 21, 2015, inclusive, and were damaged thereby.

- The Settlement represents an average recovery of $0.065 per share of IsoRay Stock for the 54.7 million shares outstanding during the Class Period. A share may have been traded more than once during the Class Period. This estimate solely reflects the average recovery per outstanding share of IsoRay Stock. The indicated average recovery per share will be the total average recovery for all purchasers of that share. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold IsoRay Stock, and the total number and amount of claims filed.

- Attorneys for Lead Plaintiffs ("Plaintiffs' Counsel") intend to ask the Court to award them fees of up to $1,061,250 or thirty percent (30%) of the Settlement Amount, reimbursement of litigation expenses of no more than $50,000, and an award to the Lead Plaintiffs for reimbursement of reasonable costs and expenses (including lost wages)

directly relating to their representation of the Class, collectively not to exceed $15,000. If approved by the Court, these amounts will be paid from the Settlement Fund.

• If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.02 per share, making the estimated recovery per share after fees and expenses approximately $0.045. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on your purchase price and sales price, and the number and amount of claims filed.

• The Settlement resolves the lawsuit concerning whether IsoRay and its Chief Executive Officer made false and misleading statements, in violation of federal securities laws, based upon the allegations set forth in the Amended Complaint ("Complaint"), including that IsoRay allegedly misrepresented the findings of a study on the use of IsoRay's product in treating lung cancer.

• Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN** _____ _____, **2016** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN** _____ _____, **2016** | Get no payment. This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN** _____ _____, **2016** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON** _____ _____, **2016** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

### INQUIRIES

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class Members should be directed to:

IsoRay Inc. Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

**or**

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel.: 212-686-1060
Fax: 212-202-3827
pkim@rosenlegal.com

-and-

Matthew M. Guiney, Esq.
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653
Email: Guiney@whafh.com

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

**1.      Why did I get this Notice?**

You or someone in your family may have acquired IsoRay Stock during the Class Period.

**2.      What is this lawsuit about?**

The case is known as *In re IsoRay, Inc. Securities Litigation.*, Case No. 15-cv-5046-LRS- (the "Action"), and the court in charge of the case is the United States District Court for the Eastern District of Washington (the "Court").

The Action involves whether Defendants violated the federal securities laws because the Company allegedly made false and misleading statements to the investing public as set out in the Complaint, including that Defendants allegedly misrepresented the findings of a study on the use of IsoRay's product in treating lung cancer.  Defendants deny they did anything wrong.  The Settlement resolves all of the claims in the Class Action against Defendants.

**3.      Why is this a class action?**

In a class action, one or more persons and/or entities, called Lead Plaintiffs, sue on behalf of all persons and/or entities who have similar claims.  All of these persons and/or entities are referred to collectively as a Class, and these individual persons and/or entities are known as Class Members.  One court resolves all of the issues for all Class Members, except for those Class Members who validly exclude themselves from the Class.

**4.      Why is there a Settlement?**

Lead Plaintiffs and Defendants do not agree regarding the merits of Lead Plaintiffs' allegations with respect to liability or the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail at trial on each claim.  The issues on which the Lead Plaintiffs and Defendants disagree include: (1) whether Defendants made materially false and misleading statements; (2) whether Defendants made these statements with the intent to defraud the investing public; (3) whether the statements were the cause of the Class Members' alleged damages; and (4) the amount of damages, if any, suffered by the Class Members.

This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiffs or Defendants. Instead, Lead Plaintiffs and Defendants have agreed to settle the Action. The Lead Plaintiffs and Plaintiffs' Counsel believe the settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Even if Lead Plaintiffs win at trial, and also withstand Defendants' inevitable challenge on appeal, Lead Plaintiffs might not be able to collect some, or all, of the judgment.

**5.     How do I know if I am part of the Class settlement?**

To be a Class Member, you must have purchased IsoRay Stock during the period between May 20, 2015 and May 21, 2015, inclusive.

**6.     Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are (i) persons who suffered no compensable losses; (ii) persons who validly exclude themselves from the Class, as described below; (iii) Defendants and any entity in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, immediate family members, heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such.

**7.     What does the Settlement provide?**

**(a)     What is the Settlement Fund?**

The proposed Settlement calls for the creation of a Settlement Fund (the "Settlement Fund") in the amount of $3,537,500. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay Plaintiffs' Counsel's attorneys' fees and reasonable litigation expenses and any award to Lead Plaintiffs for reimbursement of reasonable costs and expenses (including lost wages) directly relating to their representation of the Class. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and any notice and claims administration expenses permitted by the Court. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit valid claims.

**(b)     What can I expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold IsoRay Stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Plaintiffs and their counsel for attorneys' fees, costs, and expenses.

The Claims Administrator will determine each Class Member's *pro rata* share of the Net Settlement Fund based upon each Class Member's valid "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Class Members pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Class Members with valid claims.

The Net Settlement Fund will be distributed to Class Members who submit valid, timely claim forms ("Authorized Claimants") under the below Plan of Allocation, which reflects Lead Plaintiffs' contention that because of the alleged misrepresentations and omissions made by Defendants, the price of IsoRay Stock was artificially inflated during the Class Period and that disclosure of the true facts caused changes in the inflated stock price.

The Recognized Claim of each Authorized Claimant shall be calculated according to the following formula:

### PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim. **Please Note**: The Recognized Claim formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.

The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Claim. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

**Recognized Claim Calculation of Common Stock Purchased During the Class Period:**

1) **For shares of common stock purchased on May 20, 2015:**

a. For shares retained at the end of trading on August 19, 2015, the Recognized Claim shall be the lesser of:
   (1)    $1.28 per share; or
   (2)    the difference between the purchase price per share and $1.52 per share.[1]

b. For shares sold on May 20, 2015 the Recognized Claim shall be zero.

c. For shares sold on May 21, 2015, the Recognized Claim shall be the lesser of:
   (1)    $1.10 per share; or
   (2)    the difference between the purchase price per share and sale price per share.

d. For shares sold between May 22, 2015 and August 19, 2015, inclusive, the Recognized Claim shall be the lesser of:
   (1)    $1.28 per share; or
   (2)    the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table A below.

**2)  For shares of common stock purchased on May 21, 2015:**

a. For shares retained at the end of trading on August 19, 2015, the Recognized Claim shall be the lesser of:
   (1)    $1.28 per share; or
   (2)    the difference between the purchase price per share and $1.52 per share.

b. For shares sold on May 21, 2015 the Recognized Claim shall be the lessor of:
   (1)    $1.28 per share; or
   (2)    the difference between the purchase price per share and sale price per share.

c. For shares sold between May 22, 2015 and August 19, 2015, inclusive, the Recognized Claim shall be the lesser of:
   (1)    $1.28 per share; or
   (2)    the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table A below.

For purposes of calculating your Recognized Claim, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of IsoRay Stock shall not be deemed a purchase,

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $1.52 per share was the mean (average) daily closing trading price of IsoRay's common stock during the 90-day period beginning on May 22, 2015 and ending on August 19, 2015.

acquisition or sale of IsoRay Stock for the calculation of an Authorized Claimant's Recognized Claim.

For purposes of calculating your Recognized Claim, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all of your purchases, acquisitions and sales of IsoRay Stock during the time period from May 20, 2015 and August 19, 2015.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' counsel, Plaintiff, Plaintiff's Counsel or the Claims Administrator or other agent designated by Plaintiff's Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**Are there any further limitations on the amount I may receive?**

(i)     Transactions during the Class Period resulting in a gain shall be netted against the Class Member's transactions resulting in a loss to arrive at the Recognized Claim.

(ii)    Any Class members whose collective transactions in IsoRay Stock during the Class Period resulted in a net gain shall not be entitled to share in the Net Settlement Fund.

(iii)   The purchase and sale prices exclude any brokerage commissions, transfer taxes or other fees. The covering purchase of a short sale is not an eligible purchase. Gifts and transfers are not eligible purchases.

Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 5/22/2015 | $1.84 | $1.84 | 7/8/2015 | $1.37 | $1.59 |

| | | | | | |
|---|---|---|---|---|---|
| 5/26/2015 | $1.94 | $1.89 | 7/9/2015 | $1.40 | $1.58 |
| 5/27/2015 | $1.87 | $1.88 | 7/10/2015 | $1.42 | $1.57 |
| 5/28/2015 | $1.92 | $1.89 | 7/13/2015 | $1.38 | $1.57 |
| 5/29/2015 | $1.80 | $1.87 | 7/14/2015 | $1.43 | $1.57 |
| 6/1/2015 | $1.68 | $1.84 | 7/15/2015 | $1.40 | $1.56 |
| 6/2/2015 | $1.64 | $1.81 | 7/16/2015 | $1.42 | $1.56 |
| 6/3/2015 | $1.69 | $1.80 | 7/17/2015 | $1.47 | $1.55 |
| 6/4/2015 | $1.57 | $1.77 | 7/20/2015 | $1.42 | $1.55 |
| 6/5/2015 | $1.59 | $1.75 | 7/21/2015 | $1.44 | $1.55 |
| 6/8/2015 | $1.55 | $1.74 | 7/22/2015 | $1.40 | $1.55 |
| 6/9/2015 | $1.50 | $1.72 | 7/23/2015 | $1.41 | $1.54 |
| 6/10/2015 | $1.55 | $1.70 | 7/24/2015 | $1.39 | $1.54 |
| 6/11/2015 | $1.56 | $1.69 | 7/27/2015 | $1.38 | $1.54 |
| 6/12/2015 | $1.53 | $1.68 | 7/28/2015 | $1.39 | $1.53 |
| 6/15/2015 | $1.50 | $1.67 | 7/29/2015 | $1.40 | $1.53 |
| 6/16/2015 | $1.52 | $1.66 | 7/30/2015 | $1.38 | $1.53 |
| 6/17/2015 | $1.48 | $1.65 | 7/31/2015 | $1.39 | $1.52 |
| 6/18/2015 | $1.47 | $1.64 | 8/3/2015 | $1.38 | $1.52 |
| 6/19/2015 | $1.60 | $1.64 | 8/4/2015 | $1.55 | $1.52 |
| 6/22/2015 | $1.51 | $1.63 | 8/5/2015 | $1.57 | $1.52 |
| 6/23/2015 | $1.57 | $1.63 | 8/6/2015 | $1.44 | $1.52 |
| 6/24/2015 | $1.56 | $1.63 | 8/7/2015 | $1.42 | $1.52 |
| 6/25/2015 | $1.54 | $1.62 | 8/10/2015 | $1.47 | $1.52 |
| 6/26/2015 | $1.52 | $1.62 | 8/11/2015 | $1.44 | $1.52 |
| 6/29/2015 | $1.50 | $1.62 | 8/12/2015 | $1.46 | $1.52 |
| 6/30/2015 | $1.48 | $1.61 | 8/13/2015 | $1.52 | $1.52 |
| 7/1/2015 | $1.47 | $1.61 | 8/14/2015 | $1.52 | $1.52 |
| 7/2/2015 | $1.51 | $1.60 | 8/17/2015 | $1.54 | $1.52 |
| 7/6/2015 | $1.46 | $1.60 | 8/18/2015 | $1.51 | $1.52 |
| 7/7/2015 | $1.43 | $1.59 | 8/19/2015 | $1.49 | $1.52 |

**(c)**

**8.     How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release." This form is attached to this Notice. You may also obtain this form on the Internet at www.strategicclaims.net. Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the form together with all documentation requested in the form, postmarked no later than _____ _____, 2016, to:

IsoRay Inc. Litigation

c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant."

9. **What am I giving up to get a payment or stay in the Class?**

Unless you validly exclude yourself, you will remain in the Class. That means that if the Settlement is approved, you and all Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) the Released Claims (as defined below) against the "Released Persons" defined as (i) Defendants and their Related Persons, *i.e.* each of a Defendant's past, present or future parents, subsidiaries and affiliates, and their respective directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, successors, assigns, spouses, marital communities, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an individual defendant's immediate family, or any trust of which any individual defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his family.

"Released Claims" or "Release of Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by on or behalf of any of the Releasing Parties against any one or more of the Released Persons, whether any such Released Persons were named, served with process, or appeared in the Action, which directly or indirectly arise out of or relate to (i) the subject matter of the Action or any of the claims asserted in the Action, (ii) the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, or omissions which were or could have been asserted in this Action, including but not limited to any Claim for fraud,

deceit, negligence, or violations of federal securities laws and the rules promulgated thereunder, (iii) the purchase or sale of IsoRay common stock by any of the Releasing Parties during the Class Period, and/or (iv) any claims in connection with, based upon, arising out of, or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement).

If you sign the claim form, you are agreeing to release your claims against Released Persons, which will bar you from ever filing a lawsuit that could have been brought under any of the Released Claims. That means you will accept a share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of IsoRay Stock during the Class Period.

Further detail and information about what you are agreeing to and giving up is detailed in the Stipulation of Settlement which is available at www.strategicclaims.net.

10.   **How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants on your own based on the legal claims raised in this Class Action, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement. To validly exclude yourself from the Settlement, you must mail a letter stating you want to be excluded as a Class Member from *In re IsoRay, Inc. Securities Litigation,* Case No. 15-CV-5046-LRS. You must include your name, address, telephone number, email contact information (if any) and your signature, along with an accurate list of all of your purchases and sales of IsoRay common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold and supporting account documentation. You must mail your exclusion request, postmarked no later than _____ _____, 2016 to:

IsoRay Inc. Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 3
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement. If you ask to be excluded in conformity with this Notice, you will not be legally bound by anything that happens in this Action.

**11.** **If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this Settlement resolves, or the Released Claims as defined above. If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Class to continue your own lawsuit.

**12.** **Do I have a lawyer in this case?**

The Court has appointed The Rosen Law Firm, P.A. and Wolf Haldenstein Adler Freeman & Herz LLP as plaintiffs' counsel to represent the Class Members for the purposes of this settlement ("Plaintiffs' Counsel"). You have the option to retain your own separate counsel at your own cost and expense. You need not retain your own separate counsel to opt-out, object, submit a Proof of Claim, or appear at the Settlement Hearing.

**13.** **How will the lawyers be paid?**

Plaintiffs' Counsel have expended considerable time litigating this action on a contingent fee basis, and have paid for the expenses of the litigation themselves and have not been paid any attorneys' fees in advance of this Settlement. Plaintiffs' Counsel have done so with the expectation that if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Plaintiffs' Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund and for reimbursement of reasonable litigation expenses not to exceed $50,000, and an award to Lead Plaintiffs for reimbursement of reasonable costs and expenses (including lost wages) directly relating to their representation of the Class, in an amount collectively not to exceed $15,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

14.    **How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, or Plaintiffs' Counsel's motion for attorneys' fees, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *In re IsoRay, Inc. Securities Litigation,* Case No. 15-CV-5046-LRS.  Be sure to include your name, address, telephone number, your signature, a list of your purchases and sales of IsoRay common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold in order to show your membership in the Class, and all of the reasons you object to the Settlement.  Be sure to mail the objections to *each* of the places listed below, such that they are *received* no later than _____ _____, 2016, so the Court will consider your views:

| Clerk of the Court<br>United States District Court<br>Eastern District of Washington<br>P.O. Box 2706,<br>Yakima, Washington 98907 | *Plaintiffs' Counsel:*<br><br>Phillip Kim<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue 34th Floor<br>New York, NY 10016<br><br>-or-<br><br>Matthew M. Guiney<br>WOLF HALDENSTEIN ADLER<br>FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, NY 10016 | *Defendants' Counsel:*<br><br>Gregory L. Watts<br>WILSON SONSINI<br>GOODRICH & ROSATI, P.C.<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036 |

Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally regarding the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses or award to Lead Plaintiffs are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing.

15.    **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Class. Requesting exclusion is telling the Court you do not want to be part of the Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself and you will be bound by any order issued by the Court.

**16. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Settlement Hearing on _____ _____, 2016 at _ _: _ _, _.m., at the United States District Court, Eastern District of Washington, 25 South 3rd Street, Room 201, Yakima Washington, 98097.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to award Plaintiffs' Counsel for attorneys' fees and expenses or Lead Plaintiffs for their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class.

**17. Do I have to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**18. What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you validly exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims made in this case ever again.

DATED: _____ _____, 2016

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

Master File No. 4:15-cv-5046-LRS

In re IsoRay, Inc. Securities Litigation

**SUMMARY NOTICE OF PENDENCY**
**AND PROPOSED SETTELEMENT OF CLASS ACTION**

**TO:   ALL PERSONS WHO PURCHASED ISORAY, INC. COMMON STOCK
BETWEEN MAY 20, 2015 AND MAY 21, 2015, INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Eastern District of Washington, , that a hearing will be held on _____ _____, 2016 at __:__ _.m. before the Honorable Lonny R. Suko, United States District Judge of the Eastern District of Washington, 25 South 3rd Street, Room 201, Yakima, Washington 98097 (the "Settlement Hearing") for the purpose of determining: (1) whether the proposed Settlement consisting of the sum of $3,537,500 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the settlement proceeds is fair, reasonable, and adequate; (3) whether the application for an award of attorneys' fees of no more than 30% of the settlement amount (or $1,061,250) and reimbursement of expenses of no more than $50,000  and a reimbursement award of reasonable costs and expenses (including lost wages) directly relating to their representation of the Class of no more than $15,000 collectively

SUMMARY NOTICE OF PROPOSED SETTLEMENT

to all Lead Plaintiffs, should be approved; and (4) whether the Litigation should be dismissed with prejudice.

If you purchased IsoRay common stock between May 20, 2015 and May 21, 2015, inclusive (the "Class Period"), your rights may be affected by the Settlement of this action. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by contacting the Claims Administrator at: IsoRay Inc. Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 3, Media, PA 19063, Telephone: (866) 274-4004, Facsimile: (610) 565-7985, info@strategicclaims.net, or going to the website www.strategicclaims.net. If you are a member of the Class, in order to share in the distribution of the Net Settlement Fund, you must submit a properly completed Proof of Claim and Release postmarked no later than _____ _____, 2016 to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Litigation whether or not you make a claim. If you desire to be excluded from the Class, you must submit a request for exclusion postmarked no later than _____ _____, 2016, in the manner and form explained in the detailed Notice to the Claims Administrator.

Any objection to the Settlement, Plan of Allocation, or the Plaintiffs' Counsel's request for an award of attorneys' fees and reimbursement of expenses must be in the manner and form explained in the detailed Notice and received no later than _____ _____, 2016, to each of the following:

Clerk of the Court
United States District Court

Eastern District of Washington
P.O. Box 2706,
Yakima, Washington 98907

*Plaintiffs' Counsel:*

Phillip Kim
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue 34th Floor
New York, NY 10016

-or-

Matthew M. Guiney
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016

*Defendants' Counsel:*

Gregory L. Watts
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036

If you have any questions about the Settlement, you may call or write to Plaintiffs'

Counsel:

Phillip Kim
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue 34th Floor
New York, NY 10016
pkim@rosenlegal.com

-or-

Matthew M. Guiney
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Guiney@whafh.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

**THIS NOTICE.**

DATED: _____ _____, 2016     _____
                                   BY ORDER OF THE UNITED STATES
                                   DISTRICT COURT FOR THE EASTERN
                                   DISTRICT OF WASHINGTON

# PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

If you purchased the common stock of IsoRay Inc. ("IsoRay") during the period from May 20, 2015 through May 21, 2015, inclusive (the "Class Period"), you are a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are Defendants and any entity in which the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, immediate family members, heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such.)

If you are a Settlement Class Member, you must complete and submit this form in order to be eligible for any settlement benefits.

You must complete and sign this Proof of Claim and Release Form and mail it by first class mail, postmarked no later than _____, to Strategic Claims Services, the claims administrator, at the following address:

IsoRay Inc. Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

Your failure to submit your claim by _____ will subject your claim to rejection and preclude you from receiving any money in connection with the settlement of this action. Do not mail or deliver your claim to the Court or to any of the parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the claims administrator. If you are a Settlement Class Member and do not submit a proper Proof of Claim and Release Form, you will not share in the Settlement, but you nevertheless will be bound by the Order and Final Judgment of the Court unless you exclude yourself.

Submission of a proof of claim does not assure that you will share in the proceeds of the settlement.

# CLAIMANT'S STATEMENT

1. I (we) purchased the common stock of IsoRay Inc. ("IsoRay") during the Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase IsoRay common stock during the Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of IsoRay common stock during the Class Period, and each sale, if any, of such common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, and sale of IsoRay common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional

information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims."

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  "Released Parties" means Defendants and their Related Persons.

10. "Released Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by on or behalf of any of the Releasing Parties against any one or more of the Released Parties, whether any such Released Parties were named, served with process, or appeared in the Action, which directly or indirectly arise out of or relate to (i) the subject matter of the Action or any of the claims asserted in the Action, (ii) the purchase or sale of IsoRay common stock by any of the Releasing Parties during the Class Period, and/or (iii) any claims in connection with, based upon, arising out of, or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement).

11. "Unknown Claims" mean all claims, demands, rights, liabilities, and causes of action of every nature and description which any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to opt-out or object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does

not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

12. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Claims, but expressly fully, finally and forever settle and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

13. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

14. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim and Release Form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at info@strategicclaims.net or visit their website at www.strategicclaims.net to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## I. CLAIMANT INFORMATION

| | |
|---|---|
| Name: | |
| | |
| Address: | |
| | |

| City: | State: | ZIP: |
|---|---|---|

| Foreign Province: | Foreign Country: |
|---|---|

| Day Phone: | Evening Phone: |
|---|---|

| Email: | |
|---|---|

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|

## II. SCHEDULE OF TRANSACTIONS IN ISORAY COMMON STOCK

**Beginning Holdings:**

A.  State the total number of shares of IsoRay common stock held at the close of trading on May 19, 2015 (*must be documented*).  If none, write "zero" or "0."

**Purchases/Acquisitions:**

B.  Separately list each and every purchase of IsoRay common stock between May 20, 2015 and August 19, 2015, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C.  Separately list each and every sale of IsoRay common stock between May 20, 2015 and August 19, 2015, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D.  State the total number of shares of IsoRay common stock held at the close of trading on August 19, 2015 (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Washington, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release and covenant not to sue set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of

any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of IsoRay common stock during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN _____ AND MUST BE MAILED TO:**

IsoRay Inc. Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____ and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

### REMINDER CHECKLIST

o Please be sure to sign this Proof of Claim and Release Form on page ____. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then both claimants must sign.

o Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or delivery of payment to you.