Cliff Cantor, WSBA # 17893
Law Offices of Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074
(425) 868-7813

*Liaison Counsel for Plaintiffs*

[additional counsel on signature page]

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re IsoRay, Inc. Securities Litigation | Master File No. 4:15-cv-5046-LRS |
| | **PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO LEAD PLAINTIFFS** |
| This document relates to: All actions | March 7, 2017 With Oral Argument 10:30 a.m. Yakima Courthouse – Room 203 |

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................3

I.    PRELIMINARY STATEMENT ...................................................7

II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY.................8

III.  THE COURT SHOULD AWARD FEES AND EXPENSES ......................8

    A.    Reasonable Percentage of the "Common Fund" Recovered
        Is an Appropriate Method of Awarding Attorneys' Fees ...................9

        1.    The Percentage Approach ...........................................9
        2.    In Securities Cases, Fees Typically Exceed the Benchmark ....11

    B.    An Award of 30% of the Fund Is Reasonable in This Case ..............11

        1.    Counsel Achieved an Excellent Result for the Class...............12

        2.    Risks and Burdens Class Counsel Experienced and
            Whether the Case Was Handled on a Contingency Basis ........13

        3.    The Skill Required, the Complexity of the Issues,
            and the Quality and Efficiency of The Work...........................15

        4.    The Contingent Nature of the Fee..............................17

        5.    A 30% Fee Award Is Consistent with Awards in Similar
            Complex Class Actions............................................17

    C.    A Lodestar Cross-Check Shows the Fee Request Is Reasonable .......18

    D.    The Reaction of The Class Supports the Requested Award ..............21

    E.    Plaintiffs' Counsels' Expenses Are Reasonable
        and Were Necessary to Achieve the Benefit Obtained ......................22

    F.    Awards to Lead and Named Plaintiffs Should Be Approved ............24

IV.   CONCLUSION................................................................25

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

2

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

# TABLE OF AUTHORITIES

**Cases** ................................................................................................ **Page(s)**

*Alvarez v. IBP, Inc.*,
 2001 U.S. Dist. LEXIS 25341 (E.D. Wash. Dec. 14, 2001)..................20

*In re Am. Apparel, Inc. S'holder Litigation*,
 No. 10-6352, 2014 U.S. Dist. LEXIS 184548
 (C.D. Cal. July 28, 2014) .....................................................16, 17, 23

*In re Activision Sec. Litig.*,
 723 F. Supp. 1373 (N.D. Cal. 1989) ....................................... 9, 10, 11

*Aichele v. City of L.A.*,
 No. 12-10863, 2015 U.S. Dist. LEXIS 120225 (C.D. Cal. Sept. 9, 2015) .... 10, 12

*Blum v. Stevenson*
 465 U.S. 886 (1984) .......................................................................17

*Boeing Co. v. Van Gemert*,
 444 U.S. 472 (1980)...........................................................................8

*Boyd v. Bank of America Corp.*,
 2014 U.S. Dist. LEXIS 162880 (C.D. Cal. Nov. 18, 2014)..................12

*In re BP P.L.C. Sec. Litig.*,
 852 F. Supp. 2d 767 (S.D. Tex. 2012) ...............................................14

*Deaver v. Compass Bank*,
 NO. 13-222, 2015 U.S. Dist. LEXIS 166484 (N.D. Cal. Dec. 11, 2015) ...........12

*Dennings v. Clearwire Corp.*,
 No. 10-1859, 2013 U.S. Dist. LEXIS 64021
 (W.D. Wash. May 3, 2013).........................................................22, 24

*Detroit v. Grinnell Corp.*,
 495 F.2d 448 (2d Cir. 1974) .............................................................15

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

3

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*In re Diamond Foods, Inc. Sec. Litig.*,
   No. 11-5386, 2014 U.S. Dist. LEXIS 3252 (N.D. Cal. Jan. 10, 2014)................14

*In re Equity Funding Corp. Sec. Litig.*,
   438 F. Supp. 1303 (C.D. Cal. 1977).......................................................15

*Glass v. UBS Fin. Servs., Inc.*,
   331 F. App'x 452 (9th Cir. 2009).........................................................10

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,
   No. 05-5437, 2008 U.S. Dist. LEXIS 106515
   (W.D. Wash. Apr. 24, 2008) ........................................................ 19-20

*Gunter v. Ridgewood Energy Corp.*,
   223 F.3d 190 (3d Cir. 2000) ...............................................................16

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ..............................................................9

*In re Heritage Bond Litigation*,
   No. 02-1475, 2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005).............12

*In re Heritage Bond Litigation*,
   No. 02-1475, 2005 U.S. Dist. LEXIS 13627 (C.D. Cal. June 10, 2005).............21

*In re Ikon Office Solutions*,
   194 F.R.D. 166 (E.D. Pa. 2000).........................................................14

*Knight v. Red Door Salons, Inc.*,
   No. 08-1520, 2009 U.S. Dist. LEXIS 11149 (N.D. Cal. Feb. 2, 2009) ...............15

*In re M.D.C. Holdings Sec. Litig.*,
   No. 89-90, 1990 U.S. Dist. LEXIS 15488 (S.D. Cal. Aug. 30, 1990) .................17

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ......................................................17, 24

*In re Mercury Interactive Corp. Sec. Litig.*,
   618 F.3d 988 (9th Cir. 2010) ...........................................................21

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*In re Metro. Sec. Litig.,*
   No. 04-25, 2006 U.S. Dist. LEXIS 73001 (E.D. Wash. Oct. 6, 2006) .................22

*Missouri v. Jenkins,*
   491 U.S. 274 (1989) ........................................................................21

*Morales v. Conopco,*
   No. 13-2213, 2016 U.S. Dist. LEXIS 144349 (E.D. Cal. Oct. 18, 2016) ..............9

*Morris v. Lifescan, Inc.,*
   54 F. App'x 663 (9th Cir. 2003) ........................................................12

*Nguyen v. Radient Pharms. Corp.,*
   2014 U.S. Dist. LEXIS 63312 (C.D. Cal. May 6, 2014) ....................................23

*In re Omnivision Techs., Inc.,*
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) ..............................................11

*In re Online DVD-Rental Antitrust Litigation,*
   779 F.3d 934 (9th Cir. 2015) ...........................................................10

*Pace v. Quintanilla,*
   No. 14-2067, 2014 U.S. Dist. LEXIS 116925 (C.D. Cal. Aug. 19, 2014) ..........15

*In re Pac. Enters. Sec. Litig.,*
   47 F.3d 373 (9th Cir. 1995) ...................................................... 11, 12, 17

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,*
   991 F. Supp. 2d 437 (E.D.N.Y. 2014) ................................................12

*Pelletz v. Weyerhaeuser Co.,*
   592 F. Supp. 2d 1322 (W.D. Wash. 2009)........................................20

*Pointer v. Bank of Am., N.A.,*
   No. 14-525, 2016 U.S. Dist. LEXIS 176930 (E.D. Cal. Dec. 21, 2016).............19

*Rieckborn v. Velti PLC,*
   No. 13-3889, 2015 U.S. Dist. LEXIS 13542 (N.D. Cal. Feb. 3, 2015).........14, 16

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*Romero v. Producers Dairy Foods, Inc.,*
  No. 05-484, 2007 WL 3492841 (E.D. Cal. NOv. 14, 2007) ...............................11

*Singer v. Becton Dickinson & Co.,*
  No. 08-821, 2010 U.S. Dist. LEXIS 53416 (S.D. Cal. June 1, 2010) .................17

*Six (6) Mexican Workers v. Arizona Citrus Growers,*
  904 F.2d 1301 (9th Cir. 1990)...................................................................11

*Stanger v. China Electric Motor, Inc.,*
  812 F.3d 734 (9th Cir. 2016) .....................................................................11

*Stemple v. QC Holdings,*
  No. 12-1997, 2016 U.S. Dist. LEXIS 157244 (S.D. Cal. Nov. 7, 2016) ........ 11-12

*Wal-Mart Stores, Inc. v. Dukes,*
  564 U.S. 338 (2011)...................................................................................23

*In re Washington Mut. Sec. Litig.,*
  No. 08-1919, 2011 WL 8190466 (W.D. Wash. Nov. 4, 2011) ............................20

*In re Wash. Pub. Power Supply Sys. Sec. Litig.,*
  19 F.3d 1291 (9th Cir. 1994) .......................................................................9

*Willner v. Manpower, Inc.,*
  No. 11-2846, 2015 U.S. Dist. LEXIS 80697 (N.D. Cal. June 22, 2015) ............14

*Vandervort v. Balboa Capital Corp.,*
  8 F. Supp. 3d 1200 (C.D. Cal. 2014) ..........................................................12

*Vizcaino v. Microsoft Corp.,*
  290 F.3d 1043 (9th Cir. 2002)............................................... 9, 10, 18, 19

## STATUTES & RULES

15 U.S.C. § 78u-4(a)(4) ...................................................................24

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Court-appointed Co-Lead Counsel Wolf Haldenstein Adler Freeman & Herz LLP and The Rosen Law Firm, along with Court-appointed Liaison Counsel Law Offices of Clifford A. Cantor, P.C. (collectively, "Plaintiffs' Counsel") respectfully move for (i) an award of attorneys' fees in the amount of 30% of the Settlement Fund, or $1,061,250, in connection with the successful prosecution of this securities class action; (ii) reimbursement of $29,296.68 in expenses reasonably and necessarily incurred in prosecuting the Action; and (iii) $15,000 total in awards to Lead Plaintiffs Bodgan Ostrowski, Joseph Kavanaugh, and Patrick McNamara ($4,000 each) and named Plaintiffs Timothy Yuen and JM Zuleta ($1,500 each) in connection with their service as Plaintiffs in the Action.

## I.    PRELIMINARY STATEMENT

On behalf of the Class, Lead Plaintiffs and named Plaintiffs, through Plaintiffs' Counsel, negotiated an excellent settlement of this action with defendants IsoRay Inc. and its CEO and Chair Dwight Babcock.

The reaction of the Class strongly supports the requested fee. The deadline to request exclusion from the Settlement is February 4, 2017 and the deadline to object to the Settlement is February 15, 2017.  Declaration of Matthew M. Guiney and Philip Kim in Support of Final Approval ("Joint Decl.") ¶¶ 31, 32.  To date, ***not a single objection*** and only one request for exclusion have been received. *Id*. Over 13,000 notices were mailed to Class Members. *Id*. at ¶ 33. The Notice advised Class Members that Plaintiffs' Counsel intended to apply to the Court for an award of attorneys' fees representing up to 30% of the Settlement Fund and that Plaintiffs would seek reimbursement of Plaintiffs' Counsel's out-of-pocket expenses not to exceed $50,000 and awards to the Lead Plaintiffs of up to $15,000 in the aggregate.

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

7

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*Id*. at ¶ 33.

Plaintiffs' Counsel believe that an attorney-fee award of 30% properly reflects the many significant risks taken by Plaintiffs' Counsel, as well as the excellent result achieved in a hard fought and difficult litigation. Plaintiffs' Counsel and their professional support staff expended over 1,153 hours in the prosecution of this Action, with a resulting lodestar of $715,791.50. *Id*. at ¶ 35. The requested fee of 30% of the Settlement Fund results in a modest multiplier of only 1.48. A multiplier in this range is fair and reasonable considering the risks that Plaintiffs' Counsel took in prosecuting this Action and under the applicable standards in the Ninth Circuit. Similarly, the expenses requested are reasonable in amount and were necessarily incurred for the successful prosecution of the Action.

Plaintiffs' Counsel respectfully submit that these attorneys' fees and expenses are fair and reasonable under applicable legal standards and in light of the contingency risk undertaken, and should be awarded by the Court.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is set forth in the Joint Declaration and Plaintiffs' Motion for Final Approval. For brevity, it is incorporated by reference and not repeated here. *Id*. at ¶¶ 3-28.

## III.   THE COURT SHOULD AWARD FEES AND EXPENSES

For their efforts in creating a common fund for the benefit of the Class, Plaintiffs' Counsel seeks an award of reasonable attorneys' fees and expenses. "[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). This allows the cost

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

8

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

of litigation to be spread proportionately among the beneficiaries and provides an incentive for attorneys to pursue cases when the prospect of compensation is uncertain and remote in time

### A.   Reasonable Percentage of the "Common Fund" Recovered Is an Appropriate Method of Awarding Attorneys' Fees

In class action settlements that produce a common fund, district courts traditionally employ one of two methods for determining reasonable attorneys' fees: (1) the percentage method, and (2) the lodestar method, in which the court calculates the lodestar and then adjusts it by an appropriate multiplier to reflect the time and labor expended, the novelty and difficulty of the issues involved, and the results achieved, among other factors. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*").

Under either method, a fee award should be "'reasonable under the circumstances.'" *WPPSS*, 19 F.3d at 1295 (citation omitted).

### 1.   The Percentage Approach

The Ninth Circuit has repeatedly approved the use of the percentage method in common fund cases. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "[U]se of the percentage method in common fund cases appears to be dominant." *Morales v. Conopco, Inc.*, No. 13-2213, 2016 U.S. Dist. LEXIS 144349, *20 (E.D. Cal. Oct. 18, 2016).

There are good reasons why many courts opt for the percentage approach in common fund cases. *First*, it is consistent with the private marketplace where contingent fees are customarily a percentage of the recovery. *See In re Activision Sec. Litig.*, 723 F. Supp. 1373 (N.D. Cal. 1989) (in the marketplace, attorneys and

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

their clients routinely negotiate 25% to 40% fees). *Second*, it aligns the lawyers' interest in a fair fee with the interest of the class in achieving the maximum recovery in the shortest time. *See Aichele v. City of L.A.*, No. 12-10863, 2015 U.S. Dist. LEXIS 120225, *15 (C.D. Cal. Sept. 9, 2015) ("the percentage of the available fund analysis is the preferred approach in class action fee requests because it more closely aligns the interests of the counsel and the class"). *Third*, use of the percentage-of-recovery method decreases the burden on the court (by avoiding a detailed lodestar analysis), while assuring that the beneficiaries do not experience unnecessary delay. *See Activision*, 723 F. Supp. at 1378-79.

When using the percentage-of-the-fund method, courts may consider "the extent to which class counsel 'achieved exceptional results for the class,' whether the case was risky for class counsel [...] the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (*e.g.*, cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015). Courts also consider counsel's skill, the complexity of the issues, and the reactions of the class. *See Aichele*, 2015 U.S. Dist. LEXIS 120225, **12-13.

Plaintiffs' Counsel respectfully submit that the Court should employ the percentage-of-recovery method to award attorneys' fees, and use an informal lodestar cross-check to confirm reasonableness. *Vizcaino*, 290 F.3d at 1050, n.5 ("The lodestar method is merely a cross-check on the reasonableness of a percentage figure"); *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x. 452, 456 (9th Cir. 2009) ("the district court properly performed an informal lodestar cross-check"); *Six (6) Mexican*

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

10

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (suggesting a lodestar cross-check and adjustment in special circumstances when "the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors"). This analysis confirms the reasonableness of a 30% fee award here.

### 2.    In Securities Cases, Fees Typically Exceed the Benchmark

The Ninth Circuit has established a benchmark in common fund cases of 25%, which the court may adjust upwards or downwards for special circumstances. *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995).

In securities class actions, awards typically exceed the benchmark. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047-48 (N.D. Cal. 2007); *Activision*, 723 F. Supp. at 1377-78 (in securities cases, "absent extraordinary circumstances …, the rate should be set at 30%"). *Accord Romero v. Producers Dairy Foods, Inc.*, No. 05-484, 2007 WL 3492841, *4 (E.D. Cal. Nov. 14, 2007) (approving a fee award of 33% of the common fund, and stating "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery"). That is because securities class actions are especially expensive and risky. *Cf. Stanger v. China Electric Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) (risk enhancement of attorneys' fees is "especially important in securities cases").

### B.    An Award of 30% of the Fund Is Reasonable in This Case

In the Ninth Circuit, courts consider at least these factors to evaluate reasonableness of a fee request: "(1) the results achieved, (2) the risk of litigation, (3) the skill required and the quality of work, (4) the contingent nature of the fee, and (5) awards made in similar cases." *Stemple v. QC Holdings*, No. 12-1997, 2016

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

11

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

U.S. Dist. LEXIS 157244 (S.D. Cal. Nov. 7, 2016) (citing *Vizcaino*, 290 F.3d at 1048-50). These factors support approval of the requested fees.

### 1. Counsel Achieved an Excellent Result for the Class

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Deaver v. Compass Bank*, No. 13-222, 2015 U.S. Dist. LEXIS 166484, *34 (N.D. Cal. Dec. 11, 2015). And courts in the Ninth Circuit commonly grant fee awards of or in excess of 30% where counsel achieves an excellent result. *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming 33%); *Pacific Enterprises*, 47 F.3d at 379 (affirming 33%); *In re Heritage Bond Litig.*, No. 02-1475, 2005 U.S. Dist. LEXIS 13555, **62-75 (C.D. Cal. Jun. 10, 2005) (33⅓%); *Deaver*, 2015 U.S. Dist. LEXIS 166484, *31-42 (33%); *Boyd v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 162880, **31-32 (C.D. Cal. Nov. 18, 2014) (33⅓%); *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (33%).

Further, because a large percentage of a small settlement fund is still a smaller dollar amount, courts take into account the size of the settlement fund when making an award. *Aichele*, 2015 U.S. Dist. LEXIS 120225, **15-16. "In 'megafund' cases, fees will commonly be under the benchmark, while in smaller cases — particularly where the common fund is under $10 million — awards more frequently exceed the benchmark." *Vandervort*, 8 F. Supp. 3d at 1209. *Accord In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 991 F. Supp. 2d 437, 445 (E.D.N.Y. 2014) ("it is very common to see 33% contingency fees in cases with funds of less than $10 million").

The Settlement Fund of $3,357,500 is an excellent result. Typical recoveries in securities cases average 8.6% for cases of this size.  Joint Decl. ¶ 39 & Ex. D

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

12

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

(*NERA 2015 Review* at 33, Fig. 29 (during 1996-2015, for securities class action settlements with estimated investor losses of between $20-49 million, the median settlement value was 8.6% of investor losses)).

Here, the $3,357,500 represents approximately 30% of the Defendants' total *maximum* estimated liability (which defendants estimated at well below that figure) (Joint Decl., ¶ 40), and consequently is well above average for this type of case.

The Settlement will be allocated *pro rata* among Class Members who file a claim. The Court-approved claims administrator, Strategic Claims Services ("SCS"), informed Plaintiffs' Counsel that as of January 27, 2017 it received a total of 301 valid claims representing Recognized Losses of $1,679,854. SCS has also received 148 deficient claims (meaning that those claims are not accompanied by proper documentation) representing Recognized Losses in the amount of $575,619. SCS will contact those Class Members who and provide an opportunity to submit proper documentation. Assuming that 100% of the deficient claims are remedied, total Recognized Losses thus far are $2,255,473. This $2,255,473 in claims will result in close to a 100% recovery even *after* payment of the requested fees and expenses — a result that would be unusual and extraordinary. SCS is likely to receive additional late claims, which it will accept, between now and the time of the Settlement hearing, and Plaintiffs' Counsel will update the Court.

This extraordinary result supports Plaintiffs' Counsel's fee request.

### 2.    Risks and Burdens Class Counsel Experienced and Whether the Case Was Handled on a Contingency Basis

This case had and still has significant risk to the Class and its counsel. These potential pitfalls are described in Plaintiffs' motion for final approval. But Plaintiffs

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

have already surmounted some obstacles that made this case exceptionally risky.

First, the PSLRA imposes formidable pleading burdens. *In re BP P.L.C. Sec. Litig.*, 852 F. Supp. 2d 767, 820 (S.D. Tex. 2012) ("The Court is acutely aware that federal legislation and authoritative precedents have created for plaintiffs in all securities actions formidable challenges to successful pleading."). Studies show that 59% of all securities class actions filed in each of 2010 and 2011 were dismissed. This risk warrants consideration. See *In re Ikon Office Solutions*, 194 F.R.D. 166, 194-95 (E.D. Pa. 2000) (taking into account pleading burdens imposed by PSLRA in awarding attorneys' fees).

Second, Defendants would not have been able to pay a significant judgment. Joint Decl., ¶ 42. This collectability risks supports a higher award. *Rieckborn v. Velti PLC*, No. 13-3889, 2015 U.S. Dist. LEXIS 13542, *28 (N.D. Cal. Feb. 3, 2015) (defendant's precarious financial condition justified risk enhancement); *In re Diamond Foods, Inc., Sec. Litig.*, No. 11-5386, 2014 U.S. Dist. LEXIS 3252, **8-9 (N.D. Cal. Jan. 10, 2014) (same).

Third, Plaintiffs' Counsel undertook this case on a wholly contingent basis, with no client paying hourly fees. *See Willner v. Manpower Inc.*, No. 11-2846, 2015 U.S. Dist. LEXIS 80697, **9-11, 18-19 (N.D. Cal. June 22, 2015) (30%). Counsel have spent 1,153 hours thus far and not been paid for their efforts. Joint Decl., ¶ 46. Here, the risk was not just that the case would be dismissed. When a law firm takes on a case on contingency, it incurs the obligation to continue with representation (including through appeals) even if it becomes clear that the case will never be profitable. Plaintiffs' Counsel risked that it would not be able to secure a substantial settlement until the eve of trial, or would spend thousands of hours of time and

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

14

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

hundreds of thousands of dollars in litigation costs taking this case through trial (and appeals) to obtain a judgment no better than the Settlement they have today.  These risk factors support the fee request.

### 3. The Skill Required, the Complexity of the Issues, and the Quality and Efficiency of The Work

Plaintiffs' Counsel has extensive experience in securities class actions. They prosecuted this action efficiently and with skill. The "prosecution and management of a complex national class action requires unique legal skills and abilities." *Knight v. Red Door Salons, Inc*., No. 08-1520, 2009 U.S. Dist. LEXIS 11149, *16 (N.D. Cal. Feb. 2, 2009). The standing and prior experience of Plaintiffs' Counsel are relevant in determining fair compensation. *See*, *e.g*., *Detroit v. Grinnell Corp*., 495 F.2d 448, 470 (2d Cir. 1974).

Plaintiffs' Counsel possesses those skills, especially in the narrow field of securities litigation. Joint Decl. at Exs. A and B. "The Rosen Law Firm has appeared before this Court several times before, and the Court is confident that it has the necessary skill and knowledge to effectively prosecute this action." *Pace v. Quintanilla*, No. 14-2067, 2014 U.S. Dist. LEXIS 116925, *6 (C.D. Cal. Aug. 19, 2014). "Not all, perhaps even most, plaintiffs' class counsel could have litigated this case as successfully as did [Wolf Haldenstein] against such a fierce and exceptionally accomplished opponent." *Good Morning to You Production Corp., et al., v. Warner/Chappell Music, Inc., et al.*, 13-cv-04460-GHK-MRW, Dkt. No. 370 (C.D. Cal. Aug. 16, 2016).

The quality of opposing counsel is also important in evaluating the quality of Plaintiffs' Counsel's work. *See*, *e.g., In re Equity Funding Corp. Sec. Litig*., 438 F.

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  Supp. 1303, 1337 (C.D. Cal. 1977) ("plaintiffs' attorneys in this class action have
2  been up against established and skillful defense lawyers, and should be compensated
3  accordingly"). Plaintiffs were opposed in this litigation by a nationally preeminent
4  securities defense litigator. Joint Decl., ¶ 44. *See* https://www.superlawyers.com
5  /washington/article/the-overdog/cd6e0fac-277e-4e3e-98d3-f3bde06fe0bc.html.

6      Given the difficult and hotly contested issues of loss causation, scienter, and
7  damages, only highly skilled counsel could have successfully represented the Class
8  and obtained such a favorable recovery. Joint Decl., ¶ 45. To effectively plead and
9  prosecute the litigation, Plaintiffs' Counsel had to become familiar with
10  brachytherapy and different treatments for non-small cell lung cancer as well as
11  probe complex issues regarding the pleading and proof of falsity, the truth-on-the-
12  market defense, and scienter.

13      It is particularly important to reward attorneys with skill and standing for
14  pursuing such cases as "the stated goal in percentage fee-award cases [is] 'ensuring
15  that competent counsel continue to be willing to undertake risky, complex, and novel
16  litigation.'" *Gunter v. Ridgewood Energy*, 223 F.3d 190, 198 (3rd Cir. 2000).

17      Further, Plaintiffs' Counsel litigated this Action efficiently. The lodestar of
18  $715,791.50 to take this case through motions to dismiss, partial discovery, and
19  mediation, is lower than many other cases arising out of the PSLRA that did not even
20  proceed beyond the pleadings. *In re Am. Apparel, Inc. S'holder Litig*., No. 10-6352,
21  2014 U.S. Dist. LEXIS 184548, **86-87 (C.D. Cal. July 28, 2014) (lodestar of $2.0
22  million for case that settled before discovery began); *Rieckborn*, 2015 U.S. Dist.
23  LEXIS 13542, **74-78 (lodestar of $1.9 million before significant motion practice).

24      The skill required, complexity, and efficiency support the fee request.

25

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS                16

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

### 4.    The Contingent Nature of the Fee

If this were not a class action, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery. *See*, *e.g., Blum v. Stevenson*, 465 U.S. 886, 903 n.20 (1984) ("In tort suits, an attorney might receive one third of whatever amount the Plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery"); *In re M.D.C. Holdings Sec. Litig.*, No. 89-90, 1990 U.S. Dist. LEXIS 15488, *22 (S.D. Cal. Aug. 30, 1990) ("In private contingent litigation, fee contracts have traditionally ranged between 30% and 40% of the total recovery"). That the customary contingent fee in the private marketplace is equal to or greater than 30% supports Plaintiffs' Counsel's request.

### 5.    A 30% Fee Award Is Consistent with Awards in Similar Complex Class Actions

As discussed above, in most common-fund securities cases — especially smaller ones (under $10 million) — the percentage awarded exceeds the Ninth Circuit's 25% benchmark. *See supra* at A.2, B.1. *Accord Activision*, 723 F. Supp. at 1377 (collecting cases and observing that "in most recent cases the benchmark is closer to 30%"). *See also Singer v. Becton Dickinson & Co.*, No. 08-821, 2010 U.S. Dist. LEXIS 53416, *20-23 (S.D. Cal. June 1, 2010) (awarding 33.33% and collecting cases).

"This is particularly true in securities class actions such as this." *In re American Apparel*, 2014 U.S. Dist. LEXIS 184548, *75; *see also In re Pacific Enters.*, 47 F.3d at 379 (affirming 33% award of $12 million fund); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming 33⅓% of recovery); Joint Decl. ¶ 39. at Ex. D (*NERA 2015 Review* at 36, Fig. 32) (during 2011-2015, for

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

17

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

securities class action settlements under $5 million, the median fee plus expenses totaled 34.3% of the settlement fund). This factor also supports Plaintiffs' Counsel's 30% fee request.

### C.    A Lodestar Cross-Check Shows the Fee Request Is Reasonable

When courts in the Ninth Circuit base a fee award on a percentage of the recovery, they cross-check the reasonableness by examining counsel's lodestar. "Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." *Vizcaino*, 290 F.3d at 1050. Regardless of whether the Court employs the percentage method or the lodestar method for determining fees, *see id.* at 1047, Plaintiffs' Counsel respectfully submit that their request is reasonable.

Under the lodestar method, courts often award fees that are a multiple higher than counsel's lodestar in order to recognize and compensate counsel's having assumed the representation without any assured payment of any fees. For example, in *Vizcaino*, the Ninth Circuit wrote that "courts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases. ... This mirrors the established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Id.* at 1051.[1]

In total, Plaintiffs' Counsel spent over 1,153 hours in the prosecution of this

---

[1]    The "multiplier" analysis is different in cases governed by (i) Washington state law or (ii) federal fee-shifting statutes (*i.e.*, where the defendant pays a prevailing plaintiff's fees), in which the lodestar is presumptively a reasonable fee without a multiplier.

Law Offices of
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Action on behalf of Lead Plaintiffs and the Class. Joint Decl. ¶ 43; *see also* Declaration of Cliff Cantor, submitted as Exhibit E to the Joint Decl. The number of hours expended by Plaintiffs' Counsel is reasonable in light of the hard-fought nature of the litigation and the complexity of the issues involved. Plaintiffs' Counsel sought throughout this litigation to avoid duplication of effort by counsel. *See* Joint Decl. ¶ 37. Moreover, Plaintiffs' Counsel have reviewed their time records and eliminated certain entries in the exercise of billing judgment. *Id*.[2]

Here, the total lodestar of Plaintiffs' Counsel, derived by multiplying the reasonable hours worked by the current market hourly rate for each attorney and support staff, equals $715,791.50. *See* Joint Decl. ¶ 47.

With a lodestar of $715,791.50, the requested fee amount — i.e., $1,061,250 or 30% of the recovery — would result in a multiplier of approximately 1.48. *Id.*

A multiplier of 1.48 is well within the range of reasonableness or on the low end of multipliers typically awarded in contingent cases like this. *See Vizcaino*, 142 F. Supp. 2d at 1306 (approving 3.65 multiplier, which was affirmed by the Ninth Circuit, and finding that most multipliers range from 1.0 to 4.0); *Pointer v. Bank of Am., N.A.*, No. 14-525, 2016 U.S. Dist. LEXIS 176930, **51-54 (E.D. Cal. Dec. 21, 2016) ("the requested multiplier of 2.4 is within the range accepted in the Ninth Circuit … [and] supports the requested fees here").

The hourly rates of Plaintiffs' Counsel that were used to generate the lodestar are reasonable and appropriate. The lodestar calculation includes time expended by attorneys and professional support staff. *See Grays Harbor Adventist Christian Sch.*

---

[2]    In addition, Plaintiffs' Counsel anticipates that they will spend substantial additional time in connection with the administration of the Settlement.

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

19

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*v. Carrier Corp.*, No. 05-5437, 2008 U.S. Dist. LEXIS 106515, *14 (W.D. Wash. Apr. 24, 2008) ("The Ninth Circuit and Washington courts recognize that substantive case-related work performed by paralegals and other non-attorney staff may be included in the calculation of recoverable lodestar.").

Reasonable hourly rates are determined by reference to the prevailing market rates charged by attorneys of comparable skill and experience in the community. *See Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) (Coughenour, J.) (approving hourly rates of firms from New York, Illinois, Ohio, Washington, D.C. and Seattle as reasonable based on the work performed in each of the respective relevant communities by attorneys of similar skill, experience and reputation). The relevant legal community is the national market for securities class-action firms with the skill and resources to undertake litigation of this magnitude. A nationwide market is appropriate given that Defendants retained a firm of national scope in Wilson, Sonsini Goodrich & Rosati.

Even if one were to use Seattle-based billing rates for all Plaintiffs' counsel, the requested fee is still reasonable.[3] In 2011, Judge Pechman, in awarding attorneys' fees, capped attorney rates for national firms at the $525 hourly rate charged by local counsel in Seattle. *In re Washington Mut. Sec. Litig.*, No. 08-1919, 2011 WL 8190466, *1 (W.D. Wash. Nov. 4, 2011).

If this Court were to apply the billing rates for the Seattle community deemed

---

[3]    *Alvarez v. IBP, Inc.*, 2001 U.S. Dist. LEXIS 25341, * 10 (E.D. Wash. Dec. 14, 2001) ("The court finds that the relevant market for determining the hourly rate for Plaintiffs' counsel includes both the Seattle and Spokane areas.")

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

suitable by Judge Pechman (more than five years ago) [4] to the hours billed by partners, the requested fee would result in a lodestar of $598,750.75. *See* Joint Decl. ¶ 51. The resulting multiplier using these Seattle rates is still a modest 1.77 and well within the range typically awarded in contingency fee cases.

Plaintiffs are unaware of lawyers in the Yakima area who have the requisite experience and resources to prosecute a securities class action such as this. If there are any, their clients did not apply to be lead plaintiff, so Plaintiffs have no knowledge of them. For this reason, the Yakima market is not the prevailing market for determining hourly rates.

In sum, the requested attorneys' fees are well within the range of what courts in this Circuit commonly award in complex class actions such as this one, and the requested 30% fee is reasonable and fair under both the percentage and lodestar cross-check methodologies.

### D.    The Reaction of The Class Supports the Requested Award

Although not specifically articulated by *Vizcaino*, district courts in the Ninth Circuit may consider the reaction of the class when deciding whether to award the requested fee. *See In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13627, *48 (C.D. Cal. June 10, 2015) ("The presence or absence of objections ... is also a factor in determining the proper fee award.").

Plaintiffs' Counsel are making this motion before the objection deadline so that Class members have a chance to read it on the settlement website and comment

---

[4]    It is appropriate to calculate lodestar at current billing rates, as the use of current rates offsets the delay between counsel's expenditure of time and a court's award of attorneys' fees. *See Missouri v. Jenkins*, 491 U.S. 274, 282-84 (1989).

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  on it. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir.

2  2010) ("Allowing class members an opportunity thoroughly to examine counsel's

3  fee motion, inquire into the bases for various charges and ensure that they are

4  adequately documented and supported is essential for the protection of the rights of

5  class members.").

6  To date, the Settlement Notice has been sent to over 12,000 potential Class

7  members and the Publication Notice was published in *Investor's Business Daily* and

8  transmitted on *GlobeNewswire. See* Joint Decl. ¶ 52. Class members were informed

9  in the Settlement Notice that Plaintiffs' Counsel were moving for attorneys' fees in

10  an amount not to exceed 30% of the Settlement Fund. Class members were also

11  advised of their right to object to the fee and expense request, and that any such

12  objections were required to be filed with the Court and served on counsel no later

13  than February 15, 2017.

14  As of the date of this motion, Plaintiffs' Counsel have received ***no objections***

15  to their fee and expense request. *Id.* ¶ 53. The absence of objections from Class

16  members heavily supports Plaintiffs' Counsel's fee and expense request.

17  **E.   Plaintiffs' Counsels' Expenses Are Reasonable and Were**

18  **Necessary to Achieve the Benefit Obtained**

19  Plaintiffs' Counsel seek reimbursement for their actual, reasonable out-of-

20  pocket expenses of $29,296.98 that they necessarily incurred in prosecuting this case

21  since inception and achieving an excellent result for the Class. Joint Decl., ¶ 54. The

22  Notice informed Class Members that Plaintiffs' Counsel would seek reimbursement

23  of litigation expenses of no more than $50,000. Joint Decl., ¶ 54.

24  The Court should approve Plaintiffs' request for reimbursement. *In re Metro.*

25

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

22

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*Sec. Litig.*, No. 04-25, 2006 U.S. Dist. LEXIS 73001, *14 (E.D. Wash. Oct. 6, 2006) (Van Sickle, J.) ("Litigation expenses are compensable in a common fund case if the particular costs are reasonable and if they are of the type typically billed by attorneys to paying clients in the market place.") (citing *Vincent v. Hughes Air West*, 557 F.2d 759, 769 (9th Cir. 1977)); *Dennings v. Clearwire Corp.*, No. 10-1859, 2013 U.S. Dist. LEXIS 64021, *27 (W.D. Wash. May 3, 2013) ("[t]he prevailing view is that expenses are awarded in addition to the fee percentage") (citing Alba Conte, *Attorney Fee Awards* § 2:08 (3d ed. 2004)).

The categories of expenses for which counsel seek reimbursement are the type of expenses routinely charged to paying clients and should be reimbursed from the common fund. A breakdown of the expenses is set forth in the Joint Decl., ¶ 56.

The largest expenses are mediation fees and expert fees. The mediation and mediator were critical components in reaching the Settlement, and Plaintiffs' Counsel deemed a financial expert necessary to establish that IsoRay's stock trades on an efficient market, permitting this case to proceed as a class action. Joint Decl., ¶ 57. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (proving market efficiency is essential to maintaining a securities class action based on misrepresentations). The expert fees are reasonable and, indeed, relatively small. *Nguyen v. Radient Pharms. Corp.*, 2014 U.S. Dist. LEXIS 63312, *30 (C.D. Cal. May 6, 2014) (expenses of $420,000, of which "vast majority" were expert opinions and testimony, were reasonable).

The remaining expenses consist of the costs of online legal research, mediation, postage, service of process and filing, coach-class travel, and photocopying, which are customarily reimbursed in class settlements. Courts

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

routinely recognize that these are expenses that should be reimbursed. *American Apparel*, 2014 U.S. Dist. LEXIS 184548, *43 (experts and consultants, online research, airfare, lodging, ground transportation, meals while traveling, mediation, web-hosting for document review, transcripts, messengers, service of process); *Dennings*, 2013 U.S. Dist. LEXIS 64021, *27 (similar).

To date, no objections to the expense request have been received, and the amount requested is below the $50,000 disclosed in the Notice. Joint Decl., ¶ 58. Plaintiffs' Counsel respectfully requests reimbursement for these expenses.

## F.    Awards to Lead and Named Plaintiffs Should Be Approved

Plaintiffs' Counsel also seeks an award of $4,000 to each of the three Lead Plaintiffs and $1,500 to each of the two Named Plaintiffs, representing a collective award of $15,000 to Plaintiffs.[5]

The PSLRA provides that courts may approve awards to reimburse lead plaintiffs for reasonable costs and expenses, including lost wages, related to representing the class. *See* 15 U.S.C. §78u-4(a)(4). The payments requested here fall well within the range that courts typically award. *E.g., In re Mego Fin. Corp.*, 213 F.3d at 457, 463 (affirming "a $5,000 incentive award to each Plaintiff").

Plaintiffs were actively involved in every step of the litigation, from moving for appointment as Lead Plaintiffs, to reviewing the Complaints, to collecting documents in response to Defendants' motions to dismiss and keeping apprised of both the litigation and IsoRay news. Lead Plaintiffs also oversaw settlement discussions, personally approving the Settlement before its consummation. See Joint

---

[5]    To date, not a single objection has been received to Plaintiffs' request. Joint Decl., ¶ 59.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1   Decl. ¶ 60-61 and Exs. F, G, H, I, and J. The modest incentive awards should be

2   granted.

3   **IV.   CONCLUSION**

4          Securities class actions are complex and laden with risk. In many cases no

5   different from this one, after incurring thousands of hours of attorney time and great

6   expense, plaintiffs' counsel received no compensation whatsoever.

7          Plaintiffs were faced with determined adversaries represented by experienced

8   and equally determined defense counsel. Without any assurance of success,

9   Plaintiffs and Plaintiffs' Counsel pursued this Litigation to conclusion. The

10  Settlement represents an excellent recovery on behalf of the class and reflects the

11  skill and dedication of Plaintiffs' Counsel.

12         Plaintiffs' Counsel respectfully request that the Court grant their motion for

13  an award of attorneys' fees of 30% of the Settlement Fund (plus interest at the same

14  rate and for the same period as that earned on the Settlement Fund), reimbursement

15  of expenses of $29,296.98, and an award to Plaintiffs totaling $15,000.

16

17  DATED: January 31, 2017          Respectfully submitted,

18                                   LAW OFFICES OF
                                      CLIFFORD A. CANTOR, P.C.
19                                   *s/ Cliff Cantor*
20                                   Cliff Cantor, WSBA # 17893
                                     627 208th Ave. SE
21                                   Sammamish, WA 98074
                                     Tel:    (425) 868-7813
22                                   Fax:    (425) 732-3752
23                                   Email:  cliff.cantor@outlook.com

24                                   *Liaison Counsel for Plaintiffs*

25

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

THE ROSEN LAW FIRM, P.A.
*s/ Philip Kim*
Laurence M. Rosen
Phillip Kim (admitted *pro hac vice*)
Sara Fuks (admitted *pro hac vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
Tel:      (212) 686-1060-2610
Fax:      (212) 202-3827
Email:        lrosen@rosenlegal.com
                   pkim@rosenlegal.com
                   sfuks@rosenlegal.com

*Plaintiffs' Counsel for Plaintiffs*

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
*s/ Matthew M. Guiney*
Matthew M. Guiney (admitted *pro hac vice*)
270 Madison Ave.
New York, NY 10016
Tel:      (212) 545-4600
Email:  Guiney@whafh.com

*Plaintiffs' Counsel for Plaintiffs*

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

26

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

**Certificate of Service**

I certify that, on the date stamped above, I caused this document to be filed with the Clerk of the Court using the CM/ECF system, which will cause notification of filing to be emailed to all parties via their counsel of record.

s/ Cliff Cantor, WSBA # 17893

PLS.' MOT. FOR FEES, EXPENSES
No. 4:15-cv-5046-LRS

27

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752